IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK DAVID SWANN, #279-735       *
          Plaintiff

      v.                   *  CIVIL ACTION NO. RDB-06-389

BRENT MCKENZIE,          *
          Defendant

                       ******

## MEMORANDUM OPINION

On February 14, 2006, Plaintiff Mark David Swann, a Maryland Division of Correction ("DOC") prisoner, filed a *pro se* action pursuant to 42 U.S.C. § 1983, seeking money damages and injunctive relief requiring "[r]estoration of [his] minimum sec[urity] classification and outside clearance." (Paper No. 1 at 3). Plaintiff alleges that after he was found guilty of violating an institutional rule he was reclassified by Defendant McKenzie "out of cycle" and his security level increased in violation of Division of Correction Directive ("DCD") 110-12. (*Id*.). He claims such action was undertaken in violation of prison regulations, was arbitrary, deprived him of institutional credits, and constituted improper punishment. (*Id*.). The case now is before the Court on Defendant's Motion for Summary Judgment as amended (Paper Nos. 12 and 21) and Plaintiff's opposition thereto.[1] (Paper Nos. 18 and 25). No hearing is needed to resolve the due process issue raised in the Complaint. *See* Local Rule 105.6 (D. Md. 2004).

The facts of this case are not in dispute. On August 22, 2005, while housed at the Western Correctional Institution ("WCI"), Plaintiff, then a minimum security prisoner, was found guilty at an adjustment hearing of violating Rule #112 (use, consumption, or possession of a controlled

---

[1]     Plaintiff's opposition motion also contains a request that Plaintiff be granted summary judgment. For reasons apparent herein, Plaintiff's request for summary judgment shall be denied. Plaintiff's Request for Default Judgment (Paper No. 9), filed after Defendant requested additional time to file an answer or otherwise defend the case, also is denied.

dangerous substance).  (Paper No. 12, Exhibit 2, ¶ 3 and Exhibit 3).  This adjustment conviction constituted a Category I infraction.  At the time of the adjustment conviction, Plaintiff's annual reclassification review was scheduled for February 24, 2006.  (Paper No. 25 at 3).  On September 21, 2005, Case Management Specialist McKenzie conducted an early, out-of-schedule classification review which led to Plaintiff's increase from minimum to medium security.  (Paper No. 12, Exhibit 4).  Plaintiff objects to this early classification review.  (Paper No. 18).

Plaintiff's due process rights were not violated by such review.  Under DCD 100-005, reclassification review is mandated whenever a minimum security prisoner such as Plaintiff is convicted of a serious rule violation likely to result in an increase in the prisoner's security range.  Despite Plaintiff's argument to the contrary, Defendant did not act outside the scope of prison regulations by conducting such review.

Plaintiff's argument that the classification review constituted improper "punishment" is without merit.  First, his claim is factually inaccurate.  The sanctions ("punishment") imposed for the adjustment conviction was to lose personal visitation privileges for one year.  (Paper No. 12, Exhibits 3 and 4).  Reclassification review, although triggered by Plaintiff's misconduct, occurred separate and apart from the consequences imposed as a result of his adjustment conviction.  Furthermore, the type of classification decision rendered here does not implicate a protected liberty interest or otherwise state a constitutional claim under § 1983.  *See Meachum v. Fano*, 427 U.S. 270 (1976); *Paoli v. Lally*, 812 F.2d 1489, 1492-93 (4th Cir. 1987).

For these reasons, Plaintiff's claims are without merit.  Defendant is entitled to summary judgment in this case.  A separate Order shall be entered in accordance with this Memorandum.

October 25, 2006                                /s/
(Date)                                    RICHARD D. BENNETT
                                          UNITED STATES DISTRICT JUDGE